**ANTHONY K. MODAFFERI, III**
**& ASSOCIATES P.C.**
Anthony K. Modafferi, III, AM-3172
Carriage House Law Center
647 Ramapo Valley Road
Oakland, New Jersey 07436
(201) 946-7100
*Attorneys for Plaintiffs,*
*Catherine Mazzola, M.D.*
*New Jersey Pediatric Neurosurgical Associates, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE MAZZOLA, M.D. , <br><br> –and-- <br><br> NEW JERSEY PEDIATRIC NEUROSURGICAL ASSOCIATES, LLC, <br><br><br> *Plaintiff,* <br> v. <br><br> AETNA INC.; AETNA LIFE INSURANCE COMPANY, and JOHN DOES 1-100, <br><br> *Defendants.* | *Civil Action* <br><br> Case No. 2:11-cv-002278 (SRC-MAS) <br><br> Hon. Stanley R. Chesler, U.S.D.J. <br><br><br> Return Date:       June 6, 2011 |

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS' AETNA INC., AND AETNA LIFE INSURANCE COMPANY

*Anthony K. Modafferi, III, Esq.*
*on the brief*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES.................................................................................ii

PRELIMINARY STATEMENT.........................................................................1

STATEMENT OF FACTS .……..........................................................................1

PROCEDURAL HISTORY.................................................................................3

ARGUMENT ......................................................................................................3

I.      *THE PLAINTIFFS' COMPLAINT DOES NOT RAISE A QUESTION OF FEDERAL LAW GIVING RISE TO REMOVAL JURISDICTION* ……………….3

II.     *STANDARD OF REVIEW: 12(b)(6) MOTION TO DISMISS* ……………...……9

CONCLUSION……...........................................................................................16

## TABLE OF AUTHORITIES

Cases                                                                                          Page

*Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004)............................................................ 8

*Aetna US Health Inc. v. Lazorko,* 533 U.S. 930  (2001)................................................. 8

*Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004)  …………………………………..10

*Barnert Hosp. v. Horizon Healthcare Services, Inc.,* Not Reported in F.Supp.2d, 2007 WL 1101443 (D.N.J. 2007) …………………………………………………………..…12

*Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007)  …………………………………10

*Borelli v. City of Reading*, 532 F. 2d 950 (3d Cir. 1976) …………...……………….1,11

*Brown v. JEVIC,* 575 F.3d 322 (3d Cir. 2009)..................................................................4

*Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987)......................................................... 6

*Conley v. Gibson*, 355 U.S. 41 (1957) …………………………………………...10

*Connecticut State Dental Association v. Anthem Health Plans, Inc.,* 591 F.3d 1337 (11 th Cir. 2009)...........................................................................7

*Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226  (3d Cir. 1994) ……….……14

*Dieffenbach v. Cigna, Inc.,* 310 Fed. Appx. 504 (3d Cir. 2009)....................................7

*Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350 (3d Cir. 1995) ......................................7,8

*Everhart v. Allmerica Financial Life Insurance Company*, 275 F.3d 751 (9th Cir. 2001) Cert. denied, 275 F.3d 751 ……………………………………….13

*Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073 (5th Cir. 1990) …...……….…….14, 15

*Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186 (11th Cir. 1997) ………....14

*Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323 (9th Cir.1985) …………………14

*Gully v. First Nat 'l Bank,* 299 U.S. 109 (1936)......................................................... 7,8

*Hahnemann University Hosp. v. All Shore, Inc.,* 514 F.3d 300 (3d. Cir. 2008) ……….13

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) …………….....………………..10

*In the Matter of Violation of the Laws of New Jersey by Aetna Health, Inc*.,
Order No. A07-59 (Sept. 2007) .......................... .......................... 6, 16

*Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144 (3d Cir. 2009)........................ 3

*Kokkonen v. Guardian Life Ins. Co. o.f America,* 511 U.S. 375 (1994).........................3

*Lazorko v. Pennsylvania Hospital,* 237 F.3d 242 (3d Cir. 2000), *cert. denied sub. nom.,*
*Aetna Us. Healthcare v. Lazorko,* 533 U.S. 930 (2001) ...............................................7,8

*Levine v. United Healthcare Corp*., 403 F. 3d 156 (3d Cir. 2005)……………………..12

*Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008) …………………..15

*Metropolitan Life Inc. Co. v. Taylor,* 481 U.S. 58 (1987) ...............................................7

*Mitchell v. Eastman Kodak Co*., 113 F.3d 433 (3d Cir. 1997) …………………..……14

*New Jersey Spinal Medicine and Surgery, P.A. v. Aetna Ins. Co*., Slip Copy, 2009 WL
3379911 (D.N.J.) ………………………………………………………………………9

*Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan,*
388 F.3d 393 (3d. Cir. 2004) ........................................................................... 9, 11

*Pryzbowski v. US. Healthcare, Inc.,* 245 F.3d 266 (3d Cir. 2001) ............................... 4

*Rivet v. Regions Bank of Louisiana,* 522 U.S. 470 (1998) ............................................ 4

*Shane v. Fauver*, 213 F. 3d 113, 116 (3d Cir. 2000) ……………………………..1,10,11

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,*
140 F. 3d 478, 483 (3d Cir. 1998) ………………………………………………………10

*Warth v. Seldin*, 422 U.S. 490, 501 (1975)…………………….………………….…...10

*Varity Corp. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996) ………13

### Federal Statutes

28 U.S.C. § 1331 ........................................................................................... 3

28 U.S.C. § 1332 ........................................................................................... 3

28 U.S.C. §1441(b) ........................................................................................ 3

29 U.S.C. § 1001 ........................................................................................... 3

29 U.S.C. §1002(7) ................................................................................ 8

29 U.S.C. §1002(8) ................................................................................ 9

29 U.S.C. §1002(21) (A)........................................................................ 9

29 U.S.C. § 1132 ................................................................................ 4,7

29 U.S.C. §1132(a)(1) ............................................................... 4, 8, 9, 11

29 U.S.C. § 1132(a)(1 )(B) .................................................................. 7, 13

29 U.S.C. §1144(a) .............................................................................. 7

ERISA- Payment of Benefits Due – Violation of ERISA § 502(a)(1)………..……1, 15

ERISA  - Violation of Fiduciary Duty and $110 Per Day Penalty …………………1,15

### Federal Rules

*Fed. R. Civ. P.*  8 (a) …………………………………………………………….…10

*Fed R. Civ. P.* 12 (b)(6).................................................................1, 9, 10, 11

### State Statutes

*NJ.S.A.* 17:48E-l, *et seq* ...................................................................... 1

Health Care Information and Networks and Technologies (HINT) Act,
*NJ.S.A.* 17B: 26-9.1............................................................................ 2

### State Regulations

*N.J.A.C.* 11:21-7.13 ...............................................................................6

*N.J.A.C.* 11:22-5.6 ................................................................................6

*N.J.A.C.* § 11:24-5.1(a)(1) ...................................................................... 6

*N.J.A.C.* 11:24-5.3 ................................................................................ 6

*N.J.A.C.* § 11:24- 9.1(d)(g)...................................................................... 6

*N.J.A.C.* § 11:24-15.2(b)(7)......................................................................6

### Other Authorities

Wright & Miller, *Federal Practice and Procedures*  § 1356 …………………………10

## PRELIMINARY STATEMENT

There are now two motions presently before the Court. Plaintiffs have filed a motion to remand [CM ECF docket no. 4] based upon the absence of federal jurisdiction. Plaintiffs respectfully submit that the Court should address the plaintiffs' motion to remand attacking federal jurisdiction prior to deciding the defendants' motion to dismiss [CM ECF docket no. 2] since if the Court determines that there is an absence of federal jurisdiction it need not decide the motion to dismiss as moot.

However, even if the Court determines it has federal jurisdiction, the plaintiffs respectfully submit that inasmuch as the defendants have moved to dismiss plaintiffs' claims for failure to state a cause of action, such objections are without merit under the settled law and under the settled standard for dismissal under *Fed R. Civ. P.* 12 (b)(6), and the motion should be denied in its entirety.

If the Court determines that based upon the plaintiffs' Complaint that it is subject to dismissal, plaintiffs request that the Court grant plaintiffs' leave to amend their Complaint to join the plan/ plan administrators for the "KLS" and "MG" claims and to allow plaintiffs' to assert claims for, *inter alia*, ERISA- Payment of Benefits Due – Violation of ERISA § 502(a)(1), and Violation of Fiduciary Duty and $110 Per Day Penalty before it dismisses plaintiffs' Complaint under the procedures announced in *Shane v. Fauver*, 213 F. 3d 113, 116 (3d Cir. 2000), allowing leave to amend pursuant to Rule 12(b)(6), "within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time." *Shane* at 213 F. 3d at 116 (quoting *Borelli v. City of Reading*, 532 F. 2d 950, 951 n. 1 (3d Cir. 1976) (internal quotations omitted).

## STATEMENT OF FACTS

The following pertinent facts alleged in the plaintiffs' complaint as amended are assumed true for this motion and plaintiffs are entitled to all reasonable inferences from those allegations. (A true copy of the complaint, filed on March 15, 2011, and amendment to complaint, filed March 28, 2011 are annexed to the Declaration of Anthony K. Modafferi, III, submitted in connection with plaintiffs' motion to remand under CM ECF docket no. 4-2 as Exhibits "A" and "B" respectively. The plaintiffs are doctor Catherine Mazzola, M.D., one of a handful of board certified pediatric neuro-surgeon's in the entire State of New Jersey, and her professional practice, New Jersey Pediatric Neurosurgical Associates, LLC, with offices in Morristown and Hackensack New Jersey. Dr. Mazzola's practice is limited to brain surgery on children, many of them infants. *See Modafferi* Dec., ¶ 2; Ex. A ¶ 1. The defendants are Aetna, Inc., and its subsidiary, Aetna Life Insurance (together "Aetna"). *See Modafferi* Dec., ¶ 2; Ex. A ¶ 2. The plaintiffs in this action are non-participating providers. *See Modafferi* Dec., ¶ 2; Ex. A ¶ 4. The procedures at issue in this case were performed at hospitals which participate in one or more of Aetna's various plans and networks. *See See Modafferi* Dec., ¶ 2; Ex. A ¶ 4.  Also, importantly, both patients' claims were for emergency related services. See patient's Appeal, Exhibit "C" referenced in the defense Statement of Facts at ¶ 5, and patient MG, a gunshot victim discussed infra at page 5. A plain reading of the plaintiffs' Complaint demonstrates that all six counts of the Complaint are based upon state law. None of the plaintiffs' claims are based upon an assignment of benefits from the patients**.**

Importantly, contrary to the assertions in paragraphs 15 and 16 of the Notice of Removal filed by defendants in this action neither the initial complaint nor the

amendment to complaint state any causes of action arising under federal law on their face.

## PROCEDURAL HISTORY

On March 15, 2011 the plaintiffs filed a complaint in the Law Division of the Superior Court of New Jersey, venued in Morris County, which was docketed with the Court under Docket No. MOR-L-798-11. *See Modafferi* Dec., ¶ 2; Ex. A.  Plaintiffs filed a First Amendment to Complaint on March 28, 2011. *Modafferi* Dec., ¶ 2; Ex. B. Aetna filed a Notice of Removal with this Court on April 21, 2011, and a Motion to Dismiss the Plaintiffs' Complaint on the same day.

## ARGUMENT

### I.   THE PLAINTIFFS' COMPLAINT DOES NOT RAISE A QUESTION OF FEDERAL LAW GIVING RISE TO REMOVAL JURISDICTION

A federal court may address a case only when federal subject matter jurisdiction exists. *See* 28 U.S.C. §§ 1331 & 1332. The presumption is against subject matter jurisdiction, and the party asserting the existence of subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen* v. *Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).

Under 28 U.S.C. §1441(b), a defendant may remove an action filed in state court to federal court if there is federal subject matter jurisdiction over any cause of action set forth in the complaint. The defendant's removal notice purportedly arises based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon an assertion that the complaint sets forth causes of action "arising under" the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* "We require the party seeking to remove to federal court to demonstrate federal jurisdiction. " *Kaufman* v. *Allstate New Jersey Ins. Co.,* 561 F.3d 144, 151 (3d Cir. 2009) (citations omitted). "The removing party ... carries a heavy burden of showing that

at all stages of the litigation the case is properly before the federal court. [citation omitted] Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand. [citation omitted]" *Brown* v. *JEVIC,* 575 F.3d 322, 326 (3d Cir. 2009). Ordinarily, removal based upon federal question jurisdiction requires that the allegations set forth on the face of a "well-pleaded complaint" state a cause of action arising under the Constitution or the laws of the United States. This is known as the "well-pleaded complaint" rule. *Rivet* v. *Regions Bank a/Louisiana,* 522 U.S. 470, 475 (1998) ("We have long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint. '"). "The anticipation that a defendant may raise a federal defense will not confer federal question jurisdiction. " *Pryzbowsld* v. *U.S. Healthcare, Inc.,* 245 F.3d 266, 271 (3d Cir. 2001).  The complaint in the case at bar does not set forth a cause of action arising under federal law, each of the claims set forth are common law claims arising under the law of the State of New Jersey. Aetna, for instance wrongfully contends in its Notice of Removal that plaintiffs state "on the face of the Complaint" that Aetna breached its obligation to pay "benefits," entitling Aetna to the civil enforcement mechanism set forth at 29 U.S.C. Section 1132(a), even though there is no such claim! *See Notice of Removal,* ¶ 20, *Filed April 21, 2011. Modafferi* Dec.; *Ex. C.*

Lastly, without any factual context, Aetna blithely argues complete preemption because the claims "necessarily require an interpretation and application of individual ERISA plan documents to determine the valid rights and responsibilities of the parties and the mutual extent of obligations for claims made." *See Notice of Removal,* ¶ 21, *Filed April 21, 2011. Modafferi* Dec.; Ex. C.

In fact, one of the patients ("MG") identified in the Plaintiffs' First Amendment to Complaint on March 28, 2011 (*Modafferi* Dec., ¶ 2; Ex. B, ¶ 3-4) was admitted to the emergency room on May 28, 2010 with a gunshot wound to his face fracturing his scull, and upon exit completely blowing out the orbital roof of his scull.  Dr. Mazzzola performed complicated procedures and the patient lives as of the date of this complaint and is in therapy. *Id.* at ¶ 5. While Aetna paid certain claims (three in all) it did not pay for certain procedures under CPT codes 21338/modifier 80 for $2650.00; 20902/modifier 80 for $2,635.00; 21336/modifier 80 for $2,400.00; 15732/modifier 80 for $11,450; 21406/modifier 80 for $6,510; 13132/ modifier 80 for $3800. *Id.* at  ¶ 6.  The claim under the original complaint for KLS was a <u>pre-certified </u>operation. *Modafferi* Dec., ¶ 2; Ex. A, ¶ 11.

In addition to willfully refusing to pay for these claims and procedures the insurance company failed, refused and neglected to pay the total amount due per the claims upon which it did pay according to the usual, customary and reasonable charges (together referred to as the "UCR") per each of the claims it did pay. For example in one such procedure it paid $1,166.25 against a charge of $14,000.00, and on another claim totaling $3,461.00 it paid zero. *Id.* at ¶ 7.

In other words, rather than pay the UCR to a doctor for performing difficult surgery to a gunshot victim admitted to E/R with his scull utterly destroyed, and teetering on life and death, the insurance company elected instead to pay the neurosurgeon <u>less than $9,400 </u>against an invoice charge of a little over $69,000.00, forcing the doctor to subsidize the cost of the difficult surgery, to the benefit of its bottom line. Not surprisingly, the New Jersey Department of Banking and Insurance has previously determined in a show cause order issued against Aetna that Aetna had violated state reimbursement laws by unilaterally paying emergency providers based on 125% of Medicare, rather than covering the full billed charges or some other mutually

agreed upon fees (so as to eliminate the member's potential exposure to balance billing). *In the Matter of Violation of the Laws of New Jersey by Aetna Health, Inc*., Order No. A07-59 (Sept. 2007). (Commissioner of DOBI concluded that *N.J.A.C.* §§ 11:24-5.3(b) and 11:24- 9.1(d)(9) require that health plans "must pay the non-participating provider a benefit large enough to insure that the non-participating provider does not balance bill the member." Id. at ¶ 20); *see also N.J.A.C.* §§ 11:24-5.1(a)(1) & -9.1(d)(g); 11:24-15.2(b)(7).

Under *N.J.A.C.* 11:24-5.3 entitled: "Emergency and urgent care services," where emergency and urgent care services are required, coverage shall be provided where such coverage is for out-of-service area medical care necessary for urgent and emergency conditions and the insurance company is required to reimburse the physician "for all medically necessary emergency and urgent health care services covered under the health benefits plan, including all tests necessary to determine the nature of an illness or injury . . . . " Under *N.J.A.C.* 11:21-7.13 entitled: "Paying Benefits," the insurance company is required to use the 80th percentile of a defined, updated database for medical services. Under *N.J.A.C.* 11:22-5.6 entitled: "Network and out-of-network coverage," both POS contracts and selective contracting arrangement ("SCA") policies issued by insurance companies shall provide coverage for covered services regardless of whether the services are provided by in network or out-of-network providers.

Complete preemption exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim. *Caterpillar, Inc.* v. *Williams,* 482 U.S. 386, 393 (1987).  But Aetna's simple contention is flawed and does not give rise to complete preemption.   In addition to complete preemption, "conflict preemption," also known as "defensive preemption," can also arise. Conflict preemption arises when there is a conflict between a state-law cause of action and a federal law. Conflict

preemption creates a defense to a state law claim. Unlike complete preemption, conflict preemption is *not* an exception to the well-pleaded complaint rule and *does not* provide a basis for federal subject matter jurisdiction. ERISA is also one of the few federal statutes under which both types of preemption may arise. *Connecticut State Dental Association* v. *Anthem Health Plans, Inc.,* 591 F.3d 1337, 1343 (1lth Cir.2009). "When the doctrine of complete preemption does not apply, but the plaintiffs' state claim is arguably preempted under § 514 (a), the district court, being without jurisdiction, cannot resolve the dispute regarding preemption." *Dukes* v. *U.S. Healthcare, Inc., 57* F.3d 350,355 (3d Cir. 1995).

In the case at bar, while it is arguable that "conflict" or "defensive" preemption may apply, it is clear under the law that "complete" preemption does not. Therefore, this Court lacks jurisdiction to consider this case on removal, and must remand the action to state court. The type of preemption, which applies, depends upon which provision of ERISA gives rise to the right to relief. If the claim is one, which comes within ERISA's civil enforcement provision, 29 U.S.C. §1132 (ERISA §602), then complete preemption applies. *Metropolitan Life Inc. Co.* v. *Taylor,* 481 U.S. 58, 66 (1987); *Dukes,* 57 F.3d at 354-5. However, if the claim arises under 29 U.S.C. § 1144(a) (ERISA §514(a)), which preempts any state law claim that "relates to" an ERISA plan, this gives rise only to conflict preemption or defensive preemption, but does not provide a basis for removal. *Connecticut State Dental,* 591 F.3d at 1344 (citing *Gully v. First Nat 'I Bank,* 299 U.S. 109, 115-16 (1936)); *Dukes,* 57 F.3d at 353-4.  *See also Dieffenbach* v. *Cigna, Inc.,* 310 Fed. Appx. 504,508-9 (3d Cir. 2009). "Unlike the scope of § 602(a) (1) (B) [29 U.S.C. § 1132 (a) (1) (B)], which is jurisdictional and creates a basis for removal to federal court, § 514(a)  . . . governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court." *Lazorko* v. *Pennsylvania Hospital,* 237 F.3d 242, 248 (3d Cir. 2000), *cert.*

7

*denied sub. nom., Aetna Us. Healthcare* v. *Lazorko,*  533 U.S. 930 (2001). In order for complete preemption to apply, the claim must come within ERISA's civil enforcement provision, which reads, in pertinent part, as follows:

A civil action may be brought -

> *(1) by a participant or beneficiary -*

> (A) for the relief provided for in subsection (c) of this section, or

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...

29 U.S.C. §1132(a)(l) (emphasis added). A suit falls within the scope of this section of ERISA if the plaintiff could have brought his claim under this provision, and where there is no independent legal duty which is implicated by the defendant's actions. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004). Only a plan "participant" or "beneficiary" may sue under this title. These terms are defined as follows:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7).

> The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. §1002(8). <u>A healthcare provider is neither a plan participant nor a beneficiary, and therefore has no standing to bring an action under 29 U.S.C. § 1132(a)(l), so complete preemption cannot apply and such a case may not be removed to federal court under the</u>

exception to the well-pleaded complaint rule. *Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan,* 388 F.3d 393, 400 (3d. Cir. 2004).

An exception to this principle could apply where the provider has received an assignment of benefits from the plan participant - in such a case, the provider may have derivative standing and come within the scope of 29 U.S.C. §1132(a)(l). However, in *Pascack Valley Hospital,* the defendant, which bears the burden of proof to state removal jurisdiction, failed to show that the claims had been assigned.  Aetna does not contend any assignment in its Notice of Removal and under *Pascack Valley* bears the burden to demonstrate in its removal notice that the claims at issue in this case have been assigned to the plaintiff providers. Aetna has failed to do this.  This argument is supported by Judge Martini's analysis in the unreported decision, *New Jersey Spinal Medicine and Surgery, P.A. v. Aetna Ins. Co*., Slip Copy, 2009 WL 3379911 (D.N.J.), at 4 (there, the court rejected identical arguments presented by counsel here, determining that plaintiff was neither a participant or beneficiary of an ERISA plan, and lacked standing to sue under ERISA section 502(a), thus requiring remand and denying Aetna's motion to dismiss as moot.) Furthermore, the plaintiffs in the case at bar are non-participating healthcare providers, and this is alleged in the complaint. *See* copy of decision attached as Exhibit "A" to Modafferi Declaration, dated May 23, 2011, submitted concurrently herewith.

We respectfully submit, that inasmuch as Aetna has failed to demonstrate that any assignments are in place, under *Pascack Valley,* Aetna cannot credibly argue that complete preemption exists. Removal jurisdiction therefore does not exist in this case, and the action must be remanded to state court, and the defense motion to dismiss denied as moot.

## II.    STANDARD OF REVIEW: 12(b)(6) MOTION TO DISMISS

In deciding a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6), all allegations in the

complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F. 3d 478, 483 (3d Cir. 1998.)  If after viewing the allegations in the complaint in the light most favorable to the plaintiff it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  In *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007), the Supreme Court of the United States clarified the standard for dismissing a case under *Fed. R. Civ. P.* 12(b)(6), and "retired" the language that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  *Bell Atl. Corp.*, 127 S. Ct. at 1968 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Supreme Court now requires that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S. Ct. at 1965. In *Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004) the Third Circuit noted that to comply with the liberal notice pleading standards of the Federal Rules of Civil Procedure, a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*. at 233 (quoting *Fed. R. Civ. P.*  8(a)). To withstand a Rule 12(b)(6) motion, "a plaintiff need not plead facts." *Id.* at 233. A "plaintiff need only make out a claim upon which relief can be granted."  *Id. See also* Wright & Miller, *Federal Practice and Procedures*  § 1356.

Below we show why the Complaint meets this standard.[1]

---

[1] The Third Circuit also concluded in *Shane v. Fauver*, 213 F. 3d 113, 116 (3d Cir. 2000)

<u>As to the Claim Against KLS</u>.

Aside from the fact that the defendants have improperly submitted <u>redacted</u> contract documents <u>which plaintiffs did not rely upon in their Complaint</u> in support of their Rule 12(b)(6) motion, the defendants argue "because KLS receives healthcare benefits under a self-funded plan for which Aetna Life Insurance Company <u>only provided initial claims administration,</u> neither Aetna Inc. nor Aetna Life Insurance Company is the proper party." *See Defendants' Memorandum of Law In Support of A Motion to Dismiss Plaintiff's (sic) Complaint And First Amended Complaint*" at page 5. (Hereinafter Defendants' Brief at ___.")

In support of this contention the defendants' cite to two cases from the Seventh and Ninth Circuits arguing, "the <u>participant</u> must name the plan as the Defendant, rather than some other person or entity that is only involved in the operation of the plan. The obligation to pay the benefits rests only with the plan." *Ibid.* (Emphasis added.) As we have already demonstrated, "a healthcare provider is neither a plan participant nor a beneficiary and therefore has no standing to bring an action under 29 U.S.C. § 1132(a)(l) . . . . " *Pascack Valley Hospital v. Local 464A*

---

that a District Court should grant a plaintiff leave to amend before it dismisses a complaint pursuant to Rule 12(b)(6), employing the following procedures when considering Rule 12(b)(6) motions:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

*Shane* at 213 F. 3d at 116 (quoting *Borelli v. City of Reading*, 532 F. 2d 950, 951 n. 1 (3d Cir. 1976) (internal quotations omitted).

*UFCW Welfare Reimbursement Plan,* 388 F.3d 393, 400 (3d. Cir. 2004). Plaintiffs aver that the

claim under the original complaint for KLS was a pre-certified operation. *Modafferi* Dec., ¶ 2;

Ex. A, ¶ 11.  Accordingly, plaintiffs aver that their claims create a legal duty independent of the

plan's obligation to pay, and that they are not seeking to recover for benefits due to the plan

participant. There is a line of decisions involving a providers state law claims for *quantum meruit*

and unjust enrichment, two claims that as the defendants admit[2] undergird the plaintiffs' case

here, holding that such providers as plaintiffs are neither "participants" or "beneficiaries" as

defined under ERISA and such claims are predicated on a separate legal duty independent of

ERISA.

 Judge Ackerman  in *Barnert Hosp. v. Horizon Healthcare Services, Inc*., Not Reported in

F.Supp.2d, 2007 WL 1101443 (D.N.J. 2007), discussed and distinguished *quantum meruit* and

unjust enrichment in the context of ERISA preemption, and reviewed the Third Circuit's

decision in *Levine v. United Healthcare Corp*., 403 F. 3d 156, 162 (3d Cir. 2005).  See *Barnert

Hosp. v. Horizon Healthcare Services, Inc*., Not Reported in F.Supp.2d, 2007 WL 1101443

(D.N.J. 2007) attached as Exhibit "B" to Modafferi Declaration, dated May 23, 2011, submitted

concurrently herewith.

 Under these cases, a provider is not a participant seeking reimbursement under a plan.

 As to Aetna's Assertion that The Plan Itself is the Only Proper Party

 Even if the plaintiffs were deemed to be participants under an ERISA plan and their

---

[2] "Plaintiff alleges that with respect to KLS Aetna breached an obligation to reimburse
Plaintiffs for services to members of Aetna's various plans resulting in damage to Plaintiff (First
Count); has alleged that Aetna is thereby being unjustly enriched (Second Count); that Aetna has
failed to pay the fair value for services rendered to members enrolled in the various plans under
the doctrine of quantum meruit (Third Count)." *See Defendants' Statement of Facts In Support of
A Motion to Dismiss Plaintiff's (sic) Complaint And First Amended Complaint*" at ¶ 2.
(Hereinafter Defendants' Statement of Facts at ___.")

claims for "benefits due," the defendants admit that Aetna is a plan administrator, and therefore subject to suit.  We reject the defense notion that the plan itself is the only proper party defendant, or the more sensational but misleading argument that  "it is well-settled that if (sic) the proper party defendant on claims for benefits under self-funded or self-insured plans is the plan itself." Defendants' Brief at 5.  What's more, given the materials the defendants have provided in support of their motion, and the assertion that Aetna "only provided initial claims administration" (Defendants' Brief at 5) the submission of redacted contract documents demonstrates how premature the defense motion is at this time. The Third Circuit has stated with respect to a plan administrator's liability that:

When a denial of "benefits due" arises from a plan administrator's breach of its fiduciary obligations to the claimant, Sections 1132 (a)(1)(B) and (d) permit the beneficiary to seek redress for the breach <u>directly from the plan administrator</u> as a fiduciary. Indeed, as the Supreme Court has noted:

> a fiduciary has obligations other than, and in addition to, managing plan assets.... For example ... a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits under the terms of plan documents.... ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents *and the payment of claims,* one that is outside the framework of the second subsection ... and one that runs directly to the injured beneficiary. § 502(a)(1)(B).

*Varity Corp. Howe*, 516 U.S. 489, 511-12, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996).

*Hahnemann University Hosp. v. All Shore, Inc*., 514 F.3d 300, 309 (3d. Cir. 2008).

The Court further noted that a person is a fiduciary pursuant to 29 USC Section 1002(21) (A) with respect to the plan <u>if he exercises any discretionary authority or discretionary control respecting management of the plan or has authority or discretionary responsibility in the administration of the plan</u>. *Ibid.*

In *Everhart v. Allmerica Financial Life Insurance Company*, 275 F.3d 751, 753-4, 756

(9th Cir. 2001), Cert. denied, 275 F.3d 751, the court interpreted ERISA to mean that a plaintiff may bring an ERISA section 502(a)(1)(B) action against <u>either the plan itself or the plan administrator</u>.  Not as the defense suggests only the plan itself. Indeed, The Ninth Circuit broadened its previous holding in *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323 (9th Cir.1985). Still other courts have held that the plan, the plan administrator, or a party with administrative discretion are all proper defendants in an ERISA section 502(a)(1)(B) action. *See Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990) (holding liable a third-party insurer who was not designated as the "plan administrator" but had responsibility for actuarial calculations, and the evaluation, approval, calculation, and payment of employee claims).

Simply put, the defense argument that only the plan may be sued is wrong. Informed scholars have noted that other circuits have extended section 502(a)(1)(B) to include actions against both the plan as an entity as well as the plan administrator, including our own circuit, which has held that a potential defendant can be either the plan itself or the plan administrator. *Mitchell v. Eastman Kodak Co*., 113 F.3d 433 (3d Cir. 1997) (entertaining an action against the plan administrator to recover benefits under section 502(a)(1)(B)); *Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 233 (3d Cir. 1994) (acknowledging that ERISA allows suits to recover benefits against the plan as an entity and against the fiduciary of the plan, and finding that a plan administrator is such a fiduciary).

Because the third-party insurer, defendant Aetna admits that it has been delegated authority "to make initial determinations on behalf of the contract holder with respect to benefit

14

payments . . ." (Defendants' Brief at 6), a preliminary examination of the contract language so far revealed, and making all inferences in plaintiffs' favor, establishes that Aetna, although a third-party insurer, has discretionary control over the plan, and therefore qualifies as a "plan administrator" and should be included as a defendant in an action for damages. *See e.g.*, *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073 (5th Cir. 1990) (holding liable a third-party insurer, who was not designated as the "plan administrator," but had responsibility for actuarial calculations, and the evaluation, approval, calculation, and payment of employee claims).

Indeed, recently in *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008), the Supreme Court held that an insurance company that both decides claims and pays benefits under a plan is operating under a conflict of interest that must be weighed as part of an abuse of discretion review of that decision. MetLife was the issuer of the insurance policy that funds the plan's benefits, and under the express terms of the plan was the "Claim Fiduciary" with "discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan," but was not the plan administrator. Neither the courts nor the parties questioned MetLife's status as a defendant and, indeed, there would be little point to the Supreme Court's holding if insurers deciding such claims were not subject to suit.

In sum, at this juncture, we respectfully submit that the insurer is a proper party defendant, assuming the Court determines that ERISA's civil enforcement mechanism preempts plaintiffs' state law claims. If the Court so decides, plaintiffs respectfully request the opportunity to amend their pleadings to allow plaintiffs' to assert claims for, *inter alia*, ERISA- Payment of Benefits Due – Violation of ERISA § 502(a)(1), and Violation of Fiduciary Duty and $110 Per Day Penalty.

As to the Claim Against MG.

Curiously, without a single citation to any law, defendant argues that because MG was an enrollee in a group health benefit plan of a subsidiary (SRC) of defendant Aetna, and had allegedly reached the maximum payment obligation under the plan, "the benefit plan has no other obligation with respect to the remaining balance." See Defendants' Brief at 7. Employing a tautological argument defendants argue that "as the very EOB which contained evidence that the claim was processed and paid in the amount that was received by Plaintiffs also contains a copy of the actual check, it is clear that the benefit plan for the services to MG were exhausted and there can be no further responsibility on behalf of the plan." *Ibid.*   Plaintiffs have argued that their state-law claims are not preempted by ERISA. MG was a gunshot victim that came into the emergency room at Morristown General. New Jersey's statutory and administrative legal framework clearly provide, as Aetna well knows, that state reimbursement laws require that doctors must be paid the full billed charges or some other mutually agreed upon fees for emergency services (so as to eliminate the member's potential exposure to balance billing). *In the Matter of Violation of the Laws of New Jersey by Aetna Health, Inc*., Order No. A07-59 (Sept. 2007).

## CONCLUSION

For the foregoing reasons, this Court should deny defendants' motion in all respects.

Respectfully Submitted,

ANTHONY K. MODAFFERI, III
& ASSOCIATES P.C.
By: /s/ Anthony K. Modafferi, III
    Anthony K. Modafferi, III

Dated: May 23, 2011