ANTHONY K. MODAFFERI, III & ASSOCIATES P.C.
*A Professional Corporation*

Anthony K. Modafferi, III
Member New York, New Jersey                    June 30, 2011
& District of Columbia Bars
Tel. (201) 946-7100
Facsimile (201) 337-3524

     Chambers, Honorable Stanley R. Chesler, U.S.D.J.
     USPO & Courthouse PO08
     Martin Luther King, Jr. Bldg. & U.S. Courthouse
     50 Walnut Street
     Newark, New Jersey 07101 1

     *Re:*   *New Jersey Pediatric Neurosurgical Associates, LLC v. Aetna, Inc. and*
          *Aetna Life Insurance Company, and John Does 1-100,*
          **Case No. 2:11-cv-02278 (SRC-MAS)**
          **Defendants' Motion to Dismiss: Returnable June 6, 2011**

Dear Judge Chesler:

     I respectfully alert the Court to a decision of the Ninth Circuit handed down on June 22, 2011, which discusses and resolves issues, which the parties argued in their briefs in connection with the defendants' motion to dismiss. ECF Docket No. 2.

     In particular the new Ninth Circuit case overrules negative dicta in two cases I cited in my reply brief [ECF Docket no. 11] in *Everhart v. Allmerica Financial Life Insurance Co.,* 275 F.3d 751, 756 (9th Cir. 2001) at page 13, and *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323 (9th Cir. 1985) at page 14.

     In *Cyr v. Reliance Standard Life Ins. Co.,* No. 07-56869 (9th Cir. June 22, 2011), the *en banc* Ninth Circuit without dissent – held that parties <u>other than</u> benefit plans and plan administrators may be liable for payment of benefits under 29 U.S.C. § 1132(a)(1)(B). The court held unanimously <u>that an insurer</u> - even one that is not a plan administrator - may be sued under this section. Notably, the court began by noting that neither the plain language of the section nor the Department of Labor regulations limit the category of party-defendants. The court also noted that in *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000), a case interpreting a companion section, § 502(a)(3), the Supreme Court declined to imply a limitation on who could be a proper defendant. The court also determined that the category of permissible defendants under this section was supported by yet another remedial enforcement provision:

Chambers, Honorable Stanley R. Chesler, U.S.D.J.
USPO & Courthouse PO08
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101
June 30, 2011/ page 2

>Section 1132(d)(2) provides that '[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.' The 'unless' clause necessarily indicates that parties other than plans can be sued for money damages under other provisions of ERISA, such as § 1132(a)(1)(B), as long as that party's individual liability is established.

Finally, the court held that Cyr selected the correct defendant:

>"Reliance denied Cyr's request for increased benefits even though, as the plan insurer, it was responsible for paying legitimate benefits claims. Reliance is, therefore, a logical defendant for an action by Cyr to recover benefits due to her under the terms of the plan and to enforce her rights under the terms of the plan, which is precisely the civil action authorized by § 1132(a)(1)(B)."

The court overruled the contrary language in *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005); *Everhart v. Allmerica Financial Life Insurance Co.,* 275 F.3d 751, 756 (9th Cir. 2001); *Spain v. Aetna Life Insurance Co.*, 13 F.3d 310, 312 (9th Cir. 1993); and *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985).

Accordingly, in the event that the Court determines that the plaintiffs are participants under ERISA, the Ninth Circuit's recent decision makes it clear that Aetna itself is a proper party defendant.

Respectfully Yours,

s/Anthony Modafferi

cc:    Honorable Magistrate Judge, Michael A. Shipp (with encl.)
       Paul Kelley, Esq.
       New Jersey Pediatric Neurosurgical Associates, LLC