NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CATHERINE MAZZOLA, M.D., et al., | : | |
| | : | Civil Action No. 11-2278 (SRC) |
| Plaintiffs, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| AETNA INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion to remand filed by Plaintiff Catherine Mazzola ("Plaintiff") [docket entry no. 4]. Defendants Aetna Inc., and Aetna Life Insurance Company (collectively "Aetna" or "Defendants") have opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Plaintiff's motion to remand this action.

      This action was removed by Defendants by a petition filed April 21, 2011. Defendants claim that this action is removable because it asserts claims arising under ERISA and it therefore asserts a claim under federal jurisdiction. Aetna Life Insurance Company is the initial claim administrator for the Sheet Metal Workers International Association Local 27 Health and Welfare Fund ("Fund"). Plaintiffs are healthcare providers who, though not parties to provider

agreements with Aetna, nonetheless provided services to individuals covered by the Fund. Plaintiffs are neither "participants" or "beneficiaries" as defined under ERISA. In essence, Plaintiffs allege that Aetna failed to properly reimburse Plaintiffs for services rendered, and have made claims as third-party beneficiaries.

A party seeking removal to federal court bears the burden of establishing federal jurisdiction. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009). By its terms, standing under ERISA is limited to participants and beneficiaries. *Pascack Valley Hosp. v. Local 464A Welfare Reimbursement Plan*, 388 F.3d 393, 400. Therefore, the burden is on Defendants to demonstrate how a claim by Plaintiffs to pursue benefits is cognizable under ERISA such as to give rise to federal jurisdiction under the "complete preemption doctrine." Defendants have not done so. Indeed, neither Defendants nor Plaintiffs' Complaint articulate a recognizable basis for Plaintiffs to have status as a third-party beneficiary -- and none is apparent to the Court. Moreover, while Defendants might assert that jurisdiction is predicated upon Plaintiffs' potential status as assignees of beneficiaries -- there are no allegations which even suggest the extent of such an assignment and its sufficiency to be a basis for jurisdiction. *See Wayne Surgical Ctr. v. Concentra Preferred Sys., Inc.*, No. 06-928 (HAA), 2007 WL 2416428, at *3 (D.N.J. Aug. 20, 2007) (to find that a provider has standing to bring an ERISA § 502 claim for benefits against a patient's health insurance carrier based on an assignment of benefits, the scope of the assignment must be plead). Defendants' failure to provide any factual development of the alleged assignment is insufficient to grant this Court federal jurisdiction over this matter.

For these reasons,

**IT IS** on this 3rd day of August, 2011,

**ORDERED** that Plaintiff's motion for remand [docket entry no. 4] be and hereby is **GRANTED**; and it is further

**ORDERED** that this case be and hereby is **REMANDED** to the Superior Court of New Jersey, Law Division, Morris County.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge